# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:16-cv-02437-KJD-NJK |
| Plaintiff, | **CONSENT JUDGMENT** |
| v. | |
| STEPHEN D. INGERSON, | |
| Defendant. | |

Based upon the parties' Stipulation for Entry of Consent Judgment, and good cause appearing,

**IT IS HEREBY ORDERED** that the parties' Stipulation for entry of Consent Judgment, ECF No. _____, is granted and the terms and conditions set forth therein adopted in full as follows:

1. This Court has jurisdiction over the subject matter of this action and personal jurisdiction over Defendant Ingerson.

2. Judgment shall be entered in favor of the United States and against Defendant Stephen D. Ingerson in the amount of $22,099.00, such amount representing an overpayment of Social Security Benefits pursuant to 42 U.S.C. § 404(a) as set forth in the Complaint in this matter. *See* ECF No. 1. Defendant Ingerson is further liable for post-judgment interest accruing at the applicable legal rate as set forth in 28 U.S.C. § 1961, such interest accruing from the date of entry of this Stipulated Consent Judgment until the judgment is paid in full.

1

3. The United States shall stay execution and enforcement of this Consent Judgment so long as Defendant Ingerson pays the sum of $17,679.20 as follows:

    a) Defendant shall make a one-time payment of $4,000 by August 1, 2017;

    b) Defendant shall make subsequent monthly payments of not less than $1,244.00, beginning on September 15, 2017, and continuing thereafter on the 15th day of each and every month, or the first business day thereafter if the due date falls on a Federal holiday, Saturday, or Sunday, until the outstanding obligation is paid in full;

    c) Defendant may, at his option, make payments of additional amounts beyond the minimum amounts set forth in subparagraphs 3(a) and 3(b) of this Stipulated Consent Judgment, but any additional payments made pursuant to this subparagraph shall have no effect on the agreed minimal monthly payment obligations set forth herein;

    d) The one-time lump sum payment identified in subparagraph 3(a) shall be sent to the Office of the United States Attorney, 501 Las Vegas Boulevard South, Suite 1100, Las Vegas, Nevada 89101, ATTN: Financial Litigation Unit; and

    e) Unless the parties otherwise agree in writing, all payments subsequent to the one-time lump sum payment due under subparagraph 3(a), said payments identified in subparagraph 3(b) and 3(c), shall be sent to United States Department of Justice, Nationwide Central Intake Facility, PO Box 790363, St. Louis, MO 63179-0363. All checks shall be made payable to the "U.S. Department of Justice" and must include the case number 20165A64465/001.

4. Upon completion of the payment obligations described in paragraph 3 of this Stipulated Consent Judgment, or upon full satisfaction of the Stipulated Consent Judgment under paragraph 2 in the event of default, the United States shall file a Satisfaction of Judgment and mail a copy by first-class mail to Defendant Stephen Ingerson at his last known address, or to an address provided by Defendant in writing to the United States at the address identified in paragraph 6 of this Stipulation.

5. If Defendant Ingerson fails to comply with the monthly payment obligations set forth in paragraph 3 of this Stipulated Consent Judgment, the following provisions shall apply:

a) Any monthly payment obligation set forth in subparagraph 3 of this Stipulated Consent Judgment not paid within 10 days of the date upon which the payment is due shall be delinquent;

b) The United States shall provide written notice of any delinquent monthly payment obligation to Defendant Stephen Ingerson at his last known address, or to an address provided by Defendant in writing to the United States at the address identified in paragraph 6 of this Stipulation;

c) Defendant shall have 21 days from the date the notice of delinquency described in subparagraph 5(b) is sent to Defendant to cure the delinquent monthly payment obligation(s) by paying the full amount of the delinquent payment(s);

d) The failure to timely cure any delinquent monthly payment obligation in accord with the procedures set forth in subparagraph 5(c) shall result in default, causing the full amount of the Stipulated Consent Judgment and interest, as set forth in paragraph 2 of this Stipulation, less all payments that were made prior to default, to become due and payable immediately without further notice to Defendant;

e) In the event of default, the United States may, at any time and its sole discretion, pursue any remedy, or combination of remedies, authorized by law or set forth in the Federal Debt Collection Procedure Act, 28 U.S.C. § 3001 *et seq.*, including any discovery under the Federal Rules of Civil Procedure the United States deems necessary, to collect the full amount of the debt remaining;

f) Defendant Ingerson agrees that, in the event of default, the United States may, in addition to pursuing its remedies under the Federal Debt Collection Procedure Act, refer the remaining debt to the Treasury Offset Program for collection; and

g) In the event of default, Defendant Ingerson agrees that the United States may, at any time and at its sole discretion, record the Judgement or transcript thereof in this matter in the Clark County Recorder's Office, and any other counties in which Defendant has or is believed to have any real or personal property, such recordation to operate as a lien on any and all property in which Defendant has any interest.

6. Defendant Stephen Ingerson agrees that the failure to provide a written update of his address to the Office of the United States Attorney, 501 Las Vegas Boulevard South, Suite 5000, Las Vegas, Nevada 89101, ATTN: Financial Litigation Unit, shall result in default, causing the full amount of the Judgment and interest, as set forth in paragraph 2 of this Stipulation, less all payments that were made prior to default, to become due and payable immediately without further notice. Defendant agrees that the collection remedies set forth in subparagraphs 5(e) through 5(g) shall be available to the United States in the event of default under this paragraph.

7. The parties agree that this Stipulated Consent Judgment does not constitute an admission of liability by Defendant, but is the most appropriate way to resolve the claims as alleged in the United States' complaint without further litigation.

8. The parties agree that this Stipulated Consent Judgment may not be changed, altered or modified except in writing, signed by all parties hereto and approved by the Court. This Consent Judgment may not be discharged except by performance in accordance with its terms or by a writing signed by all parties and approved by the Court.

9. Nothing in this Stipulated Consent Judgment constitutes an agreement by the United States concerning the characterization of the amounts paid hereunder for purposes of any proceeding under Title 26 of the Internal Revenue Code, or waives any claims of the Internal Revenue Service under Title 26 of the Internal Revenue Code.

10. The parties expressly agree that this Stipulated Consent Judgment is supported by good and sufficient consideration, and further agree to cooperate fully to execute any and all supplementary documents and take all additional actions that may be necessary or appropriate to give full force and effect to the terms and intent of this Stipulated Consent Judgment.

11. Each party shall bear their own costs and attorney's fees, if any, in the prosecution of this action, except that the United States may recover any additional statutory penalties or fees incurred for collection in the event of default under either paragraph 5 or paragraph 6 of this Stipulation

///

12. Judgment may be entered forthwith accordingly.

Dated this __10th__ day of August, 2017.

                                                                                                _____
                                                                                                Kent J. Dawson
                                                                                                United States District Judge